**NORTH STAR AVIATION CORPORATION**
v.
**The UNITED STATES.**
No. 264–69.

United States Court of Claims.
April 14, 1972.

———◆———

Bruce T. Rinker, Seattle, Wash., attorney of record for plaintiff. DeGarmo, Leedy, Oles & Morrison, Seattle, Wash., of counsel.

Thomas W. Petersen, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray III, for defendant.

Before COWEN, Chief Judge, and DAVIS, COLLINS, SKELTON, NICHOLS, KASHIWA and KUNZIG, Judges.

## OPINION

### PER CURIAM:

This case was referred to Trial Commissioner William E. Day with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on December 10, 1971. Defendant timely filed a notice of intention to except to the commissioner's report which defendant subsequently withdrew. Both parties have now (by plaintiff's motion of February 24, 1972, and supplemental motion of March 3, 1972, and defendant's response of February 28, 1972) stated their request or consent that the court adopt the trial commissioner's opinion as the basis for its judgment in this case.

Since the court agrees with the commissioner's opinion, findings of fact and recommended conclusion of law, as hereinafter set forth, it hereby grants plaintiff's motion (as supplemented) for judgment and adopts the opinion, findings of fact and recommended conclusion of law as the basis for its judgment in this case without oral argument. Therefore, plaintiff is entitled to recover and judgment is entered for plaintiff in the sum of $16,780.

## OPINION OF COMMISSIONER

### DAY, Commissioner:

This is a contract case in which only the amount of damages is in issue, the government having admitted that it wrongfully terminated a contract made with the plaintiff. Since the pertinent facts are fully stated in the attached findings, it is enough to say here that the government's action was based on its mistaken belief that plaintiff had defaulted by not furnishing a proper performance bond within the allowed time period. In fact, however, the termination was premature, coming before the period expired, and plaintiff eventually furnished a timely and proper bond. Both parties now agree that plaintiff was not in default.

The contract did not contain a clause allowing termination for the convenience of the government and none was required to be inserted under any applicable federal regulation. [Transcript at 6.] *See* G. L. Christian & Assoc. v. United States, 312 F.2d 418, 160 Ct.Cl. 1 (1963), cert. denied 375 U.S. 954, 84 S. Ct. 444, 11 L.Ed.2d 314 (1963). There was only one reference to a convenience termination (see finding 3), and it was

**66**

limited to cases in which the contractor's default might be excusable due to causes beyond his control. Consequently, the termination constituted a common law breach of contract. *See* Nolan Bros. v. United States, 405 F.2d 1250, 1254, 186 Ct.Cl. 602, 609 (1969), in which this court said:

> \* \* \* In John Reiner & Co. v. United States [325 F.2d 438, 163 Ct. Cl. 381] [citation omitted], the Government canceled the contract outright (without any payment at all) because the General Accounting Office had said the award was improper; we held the award legal and the cancellation baseless but that the termination-clause measure-of-recovery applied; *if that article were absent or inapplicable, the defendant's action would have been treated exactly as a common law breach.* \* \* \* [Emphasis added.]

Accordingly, plaintiff's recovery is to be measured by its anticipated profits from the contract. *Cf.* David J. Joseph Co. v. United States, 82 F.Supp. 345, 113 Ct.Cl. 3 (1949); Brown & Son Electric Co. v. United States, 325 F.2d 446, 163 Ct.Cl. 465 (1963); Albano Cleaners, Inc. v. United States, Ct.Cl., 455 F.2d 556 (1972).

Prior to trial, defendant asserted that no recovery should be allowed because plaintiff was not ready, willing and able to perform the contract on May 22, 1967, citing United States v. Penn Foundry & Mfg. Co., 337 U.S. 198, 69 S.Ct. 1009, 93 L.Ed. 1308 (1949). Now, however, the government admits, and I have so found, that plaintiff would have been ready on time but for the government's breach. Therefore, the only remaining task is to determine the amount of plaintiff's anticipated profit.

In this regard, I have considered (1) plaintiff's actual expenditures for 1969, the first year in which its books attributed expenses to individual aircraft, (2) the estimated costs of operating plaintiff's business in 1967, (3) the performances of plaintiff's competitors who had similar contracts with the Bureau of Land Management in 1967, and (4) the testimony of both parties' expert witnesses. Based on these factors and the evidence presented, I have concluded that plaintiff's reasonably anticipated profit on the terminated contract would have been $16,780.